UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
COURT FILE NO.: _____

| | |
|---|---|
| D. Weber, a minor,<br><br>    Plaintiff,<br>v.<br><br>Diversified Adjustment Service, Inc.,<br><br>    Defendant. | **COMPLAINT**<br><br>**WITH JURY TRIAL DEMANDED** |

## INTRODUCTION

1. This action arises from each Defendant's violations of the Fair Debt Collection Practices Act (hereinafter "FDCPA"), 15 U.S.C. § 1692 *et seq.*, and the Telephone Consumer Protection Act (hereinafter "TCPA"), 47 U.S.C. § 227 *et seq.*

2. The term "consumer" as used in this Complaint means any natural person obligated or allegedly obligated to pay any debt. Section 803(3) of the FDCPA, 15 U.S.C. § 1692a(3).

3. The term "debt" as used in this Complaint means any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment. Section 803(5) of the FDCPA, 15 U.S.C. § 1692a(5).

1

4. The term "debt collector" as used in this Complaint means any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another. The term includes any creditor who, in the process of collecting his own debts, uses any name other than his own which would indicate that a third person is collecting or attempting to collect such debts. Section 803(6) of the FDCPA, 15 U.S.C. § 1692a(6).

5. The term "automatic telephone dialing system" means equipment which has the capacity—(A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers." 47 U.S.C. § 227(1).

## JURISDICTION AND VENUE

6. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d).

7. Venue is proper in this district because the acts and transactions occurred in this district, Plaintiff resides in this district, and each Defendant transacts business in this district.

## PARTIES

8. Plaintiff, D. Weber, a minor (hereinafter "Plaintiff Weber"), is a natural person residing in the City of Andover, County of Anoka, State of Minnesota. Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153 (10); is a "consumer" as that term is defined by Section 803(3) of the FDCPA, 15

U.S.C. § 1692a(3), and/or a person affected by a violation of the FDCPA with standing to bring this claim under Section 803 of the FDCPA, 15 U.S.C. § 1692k(a).

9. Defendant, Diversified Adjustment Service, Inc. (hereinafter "Defendant Diversified"), is a privately held, national consumer and commercial collection agency, incorporated under the laws of the State of Minnesota, is licensed to do business in said State, and its principal place of business is located at 600 Coon Rapids Boulevard, Coon Rapids, Minnesota 55434.

## FACTUAL ALLEGATIONS

### Violations of The Telephone Consumer Protection Act

10. At no time did Plaintiff Weber, a minor, ever enter into a business relationship with Defendant Diversified, and at no time did Plaintiff Weber ever have a past due debt with Defendant Diversified.

11. Plaintiff Weber did not provide his cellular telephone number to Defendant Diversified through any medium at any time.

12. Defendant Diversified obtained Plaintiff Weber's contact information through unknown means.

13. Defendant Diversified began contacting Plaintiff Weber with an automatic telephone dialing system ("ATDS") as defined by 47 U.S.C. § 227(a)(1) beginning in September 2014 in an attempt to collect an alleged debt allegedly owed by a third-party, not Plaintiff Weber.

14. Specifically, on September 17th, 2014 at 12:21 p.m.; September 19th, 2014 at 9:06 a.m.; September 22nd, 2014 at 8:38 a.m.; September 23rd, 2014 at 4:57 p.m.;

September 24th, 2014 at 5:33 p.m.; September 25th, 2014 at 10:41 a.m.; and September 30th, 2014 at 3:39 p.m., Defendant Diversified utilized its ATDS in order to contact Plaintiff Weber on his cellular telephone at the number (763) 245-8838.

15. Plaintiff Weber believes that Defendant Diversified utilized an ATDS because there was a noticeable delay between Plaintiff Weber cell phone automatically answering one of Defendant Diversified's telephonic communications and Defendant Diversified's agent responding.

16. This ATDS has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator.

17. The telephone number Defendant Diversified called was assigned to a cellular telephone service for which Plaintiff Weber incurred a charge for incoming calls and texts pursuant to 47 U.S.C. § 227(b)(1).

18. These telephone communications constituted communications that were not for emergency purposes as defined by 47 U.S.C. § 227(b)(1)(A)(i).

19. These telephone communications constituted telephone solicitations as defined by 47 U.S.C. § 227(a)(4).

20. Plaintiff Weber did not provide prior express consent to receive calls or messages on his cellular telephones, pursuant to 47 U.S.C. § 227(b)(1)(A).

21. These telephone communications by Defendant Diversified, or its agents, violated 47 U.S.C. § 227(b)(1).

**Violations of The Fair Debt Collection Practices Act**

22. Defendant Diversified utilized its ATDS in order to contact Plaintiff Weber on his cellular telephone at the aforementioned seven (7) different dates and times in September of 2014.

23. During this time period, Plaintiff Weber had an outgoing voicemail greeting recorded on his cellular telephone in his voice—the voice of a male.

24. The debtor in question that Defendant Diversified was seeking to contact was a female.

25. Defendant Diversified's first telephone call to Plaintiff Weber's cellular telephone, on September 17th, 2014 at 12:21 p.m., went unanswered and immediately proceeded to Plaintiff Weber's outgoing voicemail greeting, which would have notified Defendant Diversified that it was attempting to contact the wrong individual—a male instead of a female.

26. Each one of the six (6) subsequent telephone calls that Defendant Diversified made to Plaintiff Weber's cellular telephone went unanswered and, consequently, was sent directly to Plaintiff Weber's outgoing voicemail greeting.

27. Despite the fact that Defendant Diversified had been put on notice that it was calling a male instead of a female after the first telephone call on September 17th, 2014 at 12:21 p.m., Defendant Diversified made six (6) subsequent telephone calls to Plaintiff Weber causing his telephone to ring repeatedly or continuously with intent to annoy, abuse, or harass Plaintiff Weber, in violation of 15 U.S.C. § 1692d(5).

28. Defendant Diversified deliberately disregarded the difference between the true debtor and Plaintiff Weber as a result of its skip-tracing efforts, and then was reckless, harassing, and oppressive in its hounding collection campaign aimed at Plaintiff Weber in violation of 15 U.S.C. §1692d, 1692e and 1692f.

29. The conduct of Defendant Diversified put considerable stress upon Plaintiff Weber that caused him to be distracted at school, anxiety, restlessness and mental anguish.

30. As a result of Defendant Diversified's violations and illegal invasion of Plaintiff Weber's privacy, Plaintiff Weber is entitled to actual and statutory, in addition to attorney's fees and costs.

**TRIAL BY JURY**

31. Plaintiff is entitled to and hereby respectfully demands a trial by jury. U.S. Const. amend. VII. and Fed.R.Civ.P. 38.

**CAUSES OF ACTION**

**COUNT I.**

**NEGLIGENT VIOLATIONS OF THE**
**TELEPHONE CONSUMER PROTECTION ACT**
**47 U.S.C. § 227 *et seq*.**

32. Plaintiff Weber incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

33. The forgoing acts and omissions of Defendant Diversified, and its agents, constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 *et seq*.

34. As a result of Defendant Diversified's negligent violations of 47 U.S.C. § 227 *et seq.*, Plaintiff Weber is entitled to an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

35. Plaintiff Weber is also entitled to and seeks injunctive relief prohibiting such conduct in the future.

## COUNT II.

### KNOWING AND/OR WILLFUL VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT
### 47 U.S.C. § 227 *et seq*.

36. Plaintiff Weber incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

37. The forgoing acts and omissions of Defendant Diversified, and its agents, constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 *et seq*.

38. As a result of Defendant Diversified's knowing and/or willful violations of 47 U.S.C. § 227 *et seq.*, Plaintiff Weber is entitled to an award of $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

39. Plaintiff Weber is also entitled to and seeks injunctive relief prohibiting such conduct in the future.

## COUNT III.

## VIOLATIONS OF THE
## FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692 *et seq*.

40. Plaintiff Weber incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

41. The foregoing acts and omissions of Defendant Diversified, and its agents, constitute numerous and multiple violations of the FDCPA including, but not limited to, each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 *et seq*., with respect to Plaintiff Weber.

42. As a result of each Defendant Diversified's violations of the FDCPA, Plaintiff Weber is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 per Defendant, pursuant to 15 U.S.C. § 1692k(a)(2)(A); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from each Defendant herein.

### **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff respectfully prays that relief be granted against Defendant as follows:

- for an award of statutory damages of $500.00 per call pursuant to 47 U.S.C. § 227(b)(3)(B) against Defendant Diversified and for Plaintiff Weber;
- for an award of treble damages of $1,500.00 per call pursuant to 47 U.S.C. § 227(b)(3)(B) against Defendant Diversified and for Plaintiff Weber;
- for an injunction prohibiting Defendant Diversified from contacting the Plaintiff Weber on his cellular phone using an automated dialing system pursuant to the 47 U.S.C. § 227(b)(3)(A).
- that judgment be entered against Defendant Diversified for statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A) and (B);

- that judgment be entered against Defendant Diversified for actual damages;
- that the Court award costs and reasonable attorney's fees from Defendant Diversified, pursuant to 15 U.S.C. § 1692k(a)(3); and
- for such other and further relief as may be just and proper.

Dated:  March 5, 2015

          Respectfully submitted,

          By: s/ Thomas J. Lyons Jr.
          Thomas J. Lyons Jr., Esq.
          Attorney I.D. #24964
          ***ATTORNEY FOR PLAINTIFF***
          CONSUMER JUSTICE CENTER, P.A.
          367 Commerce Court
          Vadnais Heights, MN 55127
          Telephone:  (651) 770-9707
          Facsimile:   (651) 704-0907
          tommycjc@aol.com